UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL COUNCIL OF THE UNITED STATES, SOCIETY OF ST. VINCENT DE PAUL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE DEL NORTE COUNCIL OF THE SOCIETY OF ST. VINCENT DE PAUL,<br><br>Defendant. | Case No. 23-cv-01556-RS<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT, DENYING MOTION TO INTERVENE AND MOTION FOR A MORE DEFINITE STATEMENT** |

**I. INTRODUCTION**

This trademark infringement suit arises from a dispute between Plaintiff National Council of the United States, Society of St. Vincent de Paul ("National Council") and its former local conference, Defendant Del Norte Council of the Society of St. Vincent de Paul ("Del Norte Council"). Defendant operated as a local conference of the National Council until Defendant ended the relationship in 2022. National Council brought five claims under the Lanham Act, the California Business and Professions Code, and common law averring Del Norte Council continues to use National Council's marks without license to do so. National Council seeks default judgment, permanent injunctive relief, and attorney fees. Non-party Wes Nunn has filed a motion to intervene and a motion for a more definite statement. For the reasons set forth below, Plaintiff's motion for default judgment is granted, while Nunn's motions are denied.

## II. BACKGROUND

National Council is a non-profit Delaware corporation that is headquartered in Missouri and collects charitable donations and provides services for the needy in the United States. It has regularly used the trade name "The St. Vincent de Paul Society" and variants of that name since its founding in 1845. National Council registered its design mark in 1999, its bedrock word mark (SOCIETY OF ST. VINCENT DE PAUL) in 2014, and a collection of related marks between 2015 and 2019. All these registrations are valid and subsisting. Organizationally, National Council is divided into regional councils and local conferences which operate various services including thrift stores, meal programs, housing programs, and free pharmacies. Although local conferences are legally separate entities, they are required to operate in alignment with the standards and guidelines promulgated by the National Council. Each local conference pays "solidarity dues" (a percentage of yearly revenue) and submits regular reports to the National Council. Compl. at 3. In exchange, National Council licenses use of its marks and provides additional support resources, such as training, fundraising, and marketing assistance.

Del Norte Council was a local conference of the National Council from 1979 to 2022. Prior to terminating its relationship with National Council, Del Norte Council was licensed to use marks such as "Society of St. Vincent de Paul" and "St. Vincent de Paul" to promote its thrift store in Crescent City, California. In early 2021 or late 2022, National Council advised Del Norte Council to update its bylaws to remain in compliance with current standards for local conferences. Del Norte Council declined to follow this directive and instead informed National Council that it would disassociate. National Council avers that in doing so, Del Norte Council forfeited its license to use National Council's registered and common law marks. However, Del Norte Council did not cease and desist from using National Council's marks. Specifically, it expressed intent to use "St. Vincent's Charitable Thrift Store" or a like name in the future. National Council posits that Del Norte Council possesses profits from thrift shop sales and donations made with the intent to benefit National Council and its affiliates. Del Norte Council also owns the property on which the thrift store is located which was acquired and improved by donations intended for the National

Council.

National Council attempted to aid Del Norte Council in the process of de-branding and to reach an amicable agreement. Defendant refused to cease and desist from using National Council's marks or marks like them. Plaintiff brought claims in March of 2023 alleging trademark infringement and unfair competition under the Lanham Act as well as unfair competition and common law trademark infringement claims under California law.[1] Del Norte Council has failed to defend against this lawsuit; indeed, it is prohibited from doing so due to the suspension of its corporate status.[2] *See Palm Valley Homeowners Ass'n, Inc. v. Design MTC,* 85 Cal. App. 4th 553, 556 (2000) (holding suspended corporations cannot participate in litigation activities). National Council brings its motion for default judgment after the Clerk of this Court entered a default in May of 2024.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, entering a default judgment is a two-step process: prior to entry of a default judgment, there must first be an entry of a default. Fed. R. Civ. P. 55. Following entry of default, a district court may in its discretion grant relief upon an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the court may consider: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th

---

[1] National Council brought a fifth cause of action for restitution/constructive trust/unjust enrichment but is not seeking default judgment or a remedy for this count. National Council also requested monetary compensation in its complaint but seeks only injunctive relief at this stage.

[2] National Council asks that judicial notice of Del Norte Council's corporate status be taken. Judicial notice of Del Norte Council's corporate status is appropriate given that this information is available on a publicly available government website. *See* California Secretary of State, Business Search, https://bizfileonline.sos.ca.gov/search/business.

Cir. 1986). In considering these seven *Eitel* factors, all factual allegations in the complaint are taken as true, except for those relating to damages. *TeleVideo Sys. Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

## IV. MOTION FOR DEFAULT JUDGMENT

### A. Jurisdiction and Service

A court must confirm that it has both subject matter and personal jurisdiction prior to assessing the merits of a default judgment. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). It must also "ensure the adequacy of service on the defendant." *Produce v. Cal. Harvest Healthy Foods Ranch Mkt.*, No. 11-cv-4814, 2012 WL 259575, at *2 (N.D. Cal. Jan. 27, 2012). Federal question jurisdiction over National Council's claims exists pursuant to 28 U.S.C. § 1331 as National Council brings claims for relief under the Lanham Act. Supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) is proper because those claims arise out of the same case or controversy as Plaintiff's federal claims. National Council avers Del Norte Council is a corporation with its principal place of business in its office in Crescent City, California, and that Del Norte Council's thrift store using the infringing marks is also located in California and serves California residents. These facts, taken as true, establish personal jurisdiction over Defendant because it has its principal place of business in this District.

Rule 4(e) of the Federal Rules of Civil Procedure governs the methods by which service may be effected. Rule 4(e)(1) permits service by any means permitted by the law of the state in which the case is pending, or the state in which the defendant resides. Alternatively, Rule 4(e)(2) permits service by (1) personal delivery of the summons and complaint to the defendant, (2) leaving a copy of each with a person at the defendant's residence, or (3) leaving a copy of each with an agent authorized to accept service. California law also permits service of a corporation by "delivering a copy of the summons and the complaint . . . to the person designated as agent for service of process." Cal. Civ. Proc. Code § 416.10(a). National Council served Del Norte

1  Council's registered agent for service of process on May 3, 2023, and filed the waiver of service

2  form on June 8, 2023.[3] Taking these facts as true, service was proper.

### B. The *Eitel* Factors

#### 1. *Possibility of prejudice*

An analysis of the *Eitel* factors weighs in favor of granting default judgment. The first factor concerns the prejudice to Plaintiff that would result if default judgment were denied. Such prejudice would "necessarily flow[]" from a meritorious claim, "because, in the absence of a default judgment, plaintiff 'would be without other recourse for recovery' to which it is entitled." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) (citation omitted). Absent default judgment, Del Norte Council will have no way to obtain the injunctive relief it seeks. Therefore, the first *Eitel* factor supports default judgment.

#### 2. *Merits of substantive claims and sufficiency of complaint*

The second and third *Eitel* factors examine the merits of National Council's substantive claims and the sufficiency of the complaint. Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together. These two factors require that plaintiffs' allegations "state a claim on which the [plaintiff] may recover." *Danning v. Lavine,* 572 F.2d 1386, 1388 (9th Cir. 1978).

To prevail on its claims for trademark infringement and unfair competition under the Lanham Act, National Council must show Del Norte Council "is using a mark confusingly similar to a valid, protectable trademark of plaintiff's." *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.,* 174 F.3d 1036, 1046 (9th Cir. 1999). Federal registration of a trademark is *prima facie* evidence of the validity of a mark. *Zobmondo Entm't v. Falls Media, LLC*, 602 F.3d 1008, 1113 (9th Cir. 2010). Here, National Council alleges it is the senior and prior user of several federally registered trademarks, including the word mark SOCIETY OF ST. VINCENT DE PAUL. Plaintiff next has

---

[3] Del Norte Council recently changed its registered agent according to National Council's motion for default judgment. However, National Council properly served the agent who was registered at the time of service.

to show the "alleged trademark infringer's use of a mark creates a likelihood that the consuming public will be confused as to who makes that product." *Jada Toys, Inc. v. Mattel, Inc.,* 518 F.3d 628, 632 (9th Cir. 2008) (citations omitted). National Council has shown Defendant continues to use its marks in commerce without license to do so and receives donations through the use of those marks. Del Norte Council's continued and unauthorized use of National Council's marks as a former licensee alone establishes consumer confusion. *See, e.g., Sun Microsystems, Inc. v. Microsoft Corp.,* 999 F. Supp. 1301, 1311 (N.D. Cal. 1998). Though it is thus unnecessary to go through each of the *Sleekcraft* factors (which can be used to guide a likelihood of confusion analysis) in these circumstances, an analysis of those factors also demonstrates National Council has pled facts showing a likelihood of confusion. *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000) (listing factors, including "the similarity of the marks"). Taken together, National Council's allegations adequately plead trademark infringement and unfair competition claims under the Lanham Act.[4]

National Council also asserts it owns unregistered, common law marks such as "St. Vinny's" that Defendant infringed. In order to demonstrate ownership of these unregistered marks, it is necessary to show prior use (*i.e.*, that the party claiming ownership used the mark first). *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1226 (9th Cir. 2008). National Council avers it is the senior and prior user of the unregistered marks. Further, National Council must show it has acquired secondary meaning in the market" or that it "has a suggestive mark." *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 969–70 (9th Cir. 2007). The unregistered marks have acquired secondary meaning due to "the Society's long use of the Marks, extensive advertising and promotion of those Marks at the Society's considerable expense, and the hundreds

---

[4] National Council brought claims for unfair competition and common law trademark infringement under California law in addition to its Lanham Act claims. California trademark claims are "substantially congruent" to federal trademark claims and need not be examined separately. *Playboy Enterprises, Inc. v. Netscape Commc'ns Corp.,* 354 F.3d 1020, 1024 n.10 (9th Cir. 2004). National Society is not seeking default judgment on its fifth cause of action (for unjust enrichment).

of millions of dollars in charitable donations and thrift store sales realized under the Marks." Dkt. 25, at 11. National Council's allegations establish it has a valid, protectable interest in the unregistered marks. As above, Defendant's continued use of such marks despite the expiration of its license to do so is sufficient to plead consumer confusion. The second and third factors of the *Eitel* analysis weigh in favor of default judgment.

### 3. Money at stake, possibility of disputed facts, and excusable neglect

The fourth, fifth, and sixth *Eitel* factors also weigh in favor of National Council. The fourth factor "pertains to the amount of money at stake in relation to the seriousness of [d]efendant's conduct." *Elias v. Allure SEO*, No. 20-cv-06031, 2022 WL 2755351, at *2 (N.D. Cal. July 14, 2022) (citation omitted). National Council seeks no monetary compensation in this case and the fourth *Eitel* factor accordingly poses no bar to default judgment. The fifth and sixth *Eitel* factors concerning disputed facts and excusable neglect likewise weigh in favor of default judgment. No evidence indicates that central, material facts are in dispute nor is there any indication that Del Norte Council's failure to participate in the litigation is due to excusable neglect. While Defendant is not in good standing as a California corporation and therefore cannot participate in litigation, a suspended corporation is not protected from a default judgment because of its standing. *See, e.g., Grell v. Laci Le Beau Corp.,* 73 Cal. App. 4th 1300, 1306 (1999); *FFM Mushrooms Inc. v. Rain Forest Produce Inc.,* No. 5:20-cv-08201-BLF, 2021 WL 2942773, at *4 n.4 (N.D. Cal. June 3, 2021).

The final *Eitel* factor concerns the general policy preference for resolution on the merits. A defendant's failure to appear, however, "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The policy preference for resolution on the merits does not preclude an entry of default judgment (and certainly does not outweigh the other *Eitel* factors) where such a resolution is unavailable. *See, e.g., Kloepping v. Fireman's Fund,* No. 3:94-cv-02684-TEH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996).

**C. Remedies**

National Council seeks permanent injunctive relief prohibiting Del Norte Council from using its registered and unregistered marks, displaying infringing marks on its website, challenging National Council's registered marks, registering any infringing marks, or referring to itself with "formerly known as" language. National Council also argues it is entitled to attorney fees. To obtain a permanent injunction, a plaintiff must establish: (1) that it has suffered an irreparable injury; (2) that the remedies available at law are inadequate to compensate for that injury; (3) that the balance of hardships weigh in the plaintiff's favor; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

National Council asserts loss of control over its own valid marks due to Defendant's conduct. This injury qualifies as irreparable harm and merits permanent injunctive relief. *See CytoSport, Inc. v. Vital Pharms., Inc.,* 617 F. Supp. 2d 1051, 1080 (E.D. Cal.), *aff'd*, 348 F. App'x 288 (9th Cir. 2009) (finding a business's loss of control over marks and goodwill constitute irreparable harm). Remedies at law are clearly inadequate to compensate National Council for its injury here. With regards to assessing the balance of hardships, the absence of a permanent injunction would cause further irreparable harm to National Council, which has shown Del Norte Council is unwilling to negotiate or de-brand. On the other hand, a permanent injunction would only bring Defendant into compliance with the law by ceasing its infringing activities. *See, e.g., Daimler AG v. A-Z Wheels LLC,* 498 F. Supp. 3d 1282, 1294 (S.D. Cal. 2020) (holding a permanent injunction requiring a defendant to halt its infringement would not harm the defendant); *Harman Int'l Indus., Inc v. Pro Sound Gear, Inc.,* No. 2:17–cv–06650–ODW, 2018 WL 1989518, at *8 (C.D. Cal. Apr. 24, 2018) (finding balance of hardships weighed against defendant because permanent injunction would merely guarantee defendant's compliance with the Lanham Act). The balance of hardships tips in favor of National Council. Finally, the public interest is served by protecting valid and subsisting trademarks.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
CASE NO. 23-cv-01556-RS
8

1    An injunction must be narrowly tailored to "eliminate only the specific harm alleged."
2  *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1176 (9th Cir. 2010) (citation omitted).
3  The question is whether National Council's proposed injunctive relief is narrowly tailored so as to
4  prevent future infringement of its intellectual property. Several provisions of National Council's
5  proposed injunctive relief are overbroad; for instance, National Council's proposals would
6  prohibit any use of variations of the marks at issue "as part of any email address or domain name
7  (URL), or as key words on any website or social media site it owns, operates, or controls."
8  Dkt. 25, at 23; *See Toyota Motor Sales*, 610 F.3d at 1176–77 (injunction prohibiting use of
9  "LEXUS" mark overbroad where it prohibited use even where there could be no "confusion as to
10 sponsorship or endorsement"). Therefore, more narrowly tailored injunctive relief will be entered
11 as specified below.
12   An award of attorney fees under the Lanham Act is appropriate in exceptional cases. 15
13 U.S.C. § 1117(a). Generally, attorney fees are only available where the infringing acts are
14 malicious, fraudulent, deliberate, or willful. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d
15 1007, 1023 (9th Cir. 2002). National Council pleads willful conduct on the part of Defendant,
16 averring Del Norte Council continued to use National Council's marks without authorization even
17 after receiving multiple cease-and-desist letters. Upon default, all factual allegations in National
18 Council's complaint are deemed true, including its accusations of willful conduct. *Geddes v.*
19 *United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). National Council is entitled to attorney fees
20 and may file a motion for attorney fees with documentation supporting the fees it seeks. *See Ryan*
21 *v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015) (cleaned up).
22 **V. MOTION TO INTERVENE, MOTION FOR A MORE DEFINITE STATEMENT**
23   Non-party Wes Nunn, Secretary of the Board for Del Norte Council, moves for mandatory
24 intervention and for a more definite statement. Nunn asserts he is entitled to intervention as of
25 right or, in the alternative, permissive intervention.[5] He grounds his asserted right to intervene in

---

[5] Nunn also requests permission to file an amicus brief should the motion to intervene be denied. This request is also denied. Nunn seeks to file an amicus brief as a way to overcome Del Norte

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
CASE NO. 23-cv-01556-RS
9

1   National Council's threat (on April 19, 2024) to subject Nunn and other board members to

2   personal liability for trademark infringement.

3         Under Rule 24(a)(2), intervention as of right is permitted where the applicant demonstrates

4   that (1) the motion is timely; (2) the applicant claims a "significantly protectable interest relating

5   to the property or transaction which is the subject of the action"; (3) the applicant is situated such

6   that "the disposition of the action may as a practical matter impair or impede its ability to protect

7   that interest"; and (4) the applicant's interest is "inadequately represented by the parties to the

8   action." *Wilderness Soc. v. U.S. Forest Serv.,* 630 F.3d 1173, 1177 (9th Cir. 2011). "While an

9   applicant seeking to intervene has the burden to show that these four elements are met, the

10  requirements are broadly interpreted in favor of intervention." *Citizens for Balanced Use v. Mont.*

11  *Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

12        Nunn's motion for intervention as of right fails because Nunn lacks a significantly

13  protectable interest in this action. An interest, to be considered "significantly protectable," must be

14  protectable under some law, and there must also be "a relationship between the legally protected

15  interest and the claims at issue." *Wilderness Soc.*, 630 F.3d at 1179. The only protectable interest

16  Nunn asserts relates to National Council's threat to add claims holding Nunn and other board

17  members personally liable for trademark infringement; National Council, however, has since

18  disavowed any plan to add such claims or to seek personal liability. Nunn's fear of potential

19  personal liability is hypothetical and too far removed from this trademark infringement action.

20  *See, e.g., United States v. Alisal Water Corp.,* 370 F.3d 915, 920 (9th Cir. 2004) (finding interest

21  in possible debt collection too many degrees removed from the litigation and not protectable).

22        Nor is Nunn entitled to permissive intervention. In general, a district court has discretion to

23  permit intervention when the movant presents (1) an independent ground for jurisdiction; (2) a

24  timely motion; and (3) a common question of law and fact between the movant's claim or defense

---

26  Council's inability to appear in this litigation; this is not the proper role of an amicus. The Ninth
    Circuit has declined to address issues raised solely by an amicus absent exceptional circumstances.
27  *See Artichoke Joe's Cal. Grand Casino v. Norton*, 353 F.3d 712, 719 n.10 (9th Cir. 2003).

and the main action." *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022) (cleaned up); *see* Fed. R. Civ. P. 24(b). Even where these threshold requirements are satisfied, a district court has discretion to deny a request for permissive intervention. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Here, no common question of law and fact exists between Nunn's claim, which is based on potentially being held personally liable for trademark infringement, and the underlying trademark action. National Council has disavowed any intent to hold Nunn personally liable and has not brought any claim against Nunn. Since Nunn need not defend against a claim that has not been brought, there is no basis to find a common question of fact with the underlying trademark infringement litigation. Even if there *were* a common question of fact, granting permissive intervention merely to allow Nunn to defend against a claim that has not been brought would unnecessarily delay resolution of the actual dispute being litigated. *See Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989) (describing a court's authority to exercise discretion and deny permissive intervention), *aff'd sub nom. Venegas v. Mitchell*, 495 U.S. 82 (1990). As Nunn will not be permitted to intervene, the motion for a more definite statement need not be considered.

## VI. CONCLUSION

National Council's motion for default judgment as to its federal Lanham Act and state law claims is granted, and the following permanent injunctive relief is appropriate:

(1) Del Norte Council is enjoined from using the trade name "Del Norte Council of the Society of St. Vincent de Paul," any trade name or mark such as "St. Vincent de Paul," "St. Vincent," "St. Vinnie's," or "Vinny's," or any confusingly similar version or variation of National Council's marks in connection with charitable services or other related functions in any United States jurisdiction, except to refer to Plaintiff.

(2) Del Norte Council is enjoined from making any statements or using such trade names or marks that tend to represent or create the impression that it is affiliated or associated with, authorized, sponsored, or approved by National Council.

(3) Del Norte Council is enjoined from using "formerly known as" language that includes

1   or refers to the "Del Norte Council of the Society of St. Vincent de Paul," or marks
2   such as "St. Vincent de Paul," "St. Vincent," "St. Vinnie's," or "Vinny's," or any
3   confusingly similar version or variation of such marks in connection with charitable
4   services or other related functions in any United States jurisdiction.

(4) Del Norte Council is enjoined from seeking to register in the United States any mark, trade name, or domain name whose use by Del Norte Council is prohibited by the terms of this injunction.

Nunn's motion to intervene and motion for a more definite statement are denied. National Council may file a motion for attorney fees with support sufficient to facilitate a review of whether the fee request is reasonable.

**IT IS SO ORDERED**.

Dated: August 23, 2024

_____
RICHARD SEEBORG
Chief United States District Judge